■ CORINNE C. WATERMAN, Respondent, v. HENRY KAUFMAN et al., Appellants, et al., Defendants. CORINNE C. WATERMAN, Respondent, v. HENRY KAUFMAN et al., Appellants, et al., Defendants.

Consolidated appeals from orders of the Supreme Court at Special Term, entered December 24, 1956, April 4, 1957, and December 1, 1958, in New York County, which (1) granted a motion by plaintiff for an order declaring appellants in default in appearing and/or answering, (2) granted a motion by plaintiff for an order referring the action to an Official Referee and, (3) denied a motion by appellants for an order vacating or modifying the above two orders.

*Per Curiam.* These are consolidated appeals by five defendants in one action and four in the other action from three separate orders. The first order, dated December 24, 1956, declared these appellants be in default in appearing and/or answering. The second order, dated April 4, 1957, referred the matter to an Official Referee to determine an assessment of damages. The third order, dated December 1, 1958, denied the motion of defendants to vacate or modify the first and second orders referred to above.

The notices of appeal in each of the two actions are dated January 23, 1959.

As to the order of December 24, 1956, it appears that on or about October 3, 1956, Special Term denied a cross motion of appellants to dismiss the complaint, and granted in part a motion of the respondent to disaffirm the report of the Official Referee.

Thereafter respondent served and submitted a proposed order and appellants served and submitted proposed counterorders. Subsequently the order of December 24, 1956, a corrected order of the respondent, was signed.

While under the authority of *Matar* v. *Morton* (3 A D 2d 407) the appeal from the order of December 24, 1956, is untimely, that order in substance declares the appellants in default in appearing and/or answering.

Thereafter it was proper for the appellants to move to open their default. They did not so move. They did, however, move to vacate that order and the one of April 4, 1957, on various grounds based upon alleged inconsistencies between the determinations made by said orders and the prior determinations which denied respondent's application to declare appellants in default. On this record we affirm the holdings below, without costs. By reason of the circumstances peculiar to this case in the exercise of discretion we grant leave to the appellants to move to open their default.

Rabin, J. P., M. M. Frank, Valente, McNally and Stevens, JJ., concur.

Orders unanimously affirmed, without costs, with leave, however, to the appellants to move at Special Term, Bronx County, to open their defaults in appearing and/or answering the complaint.